McCAULEY *vs.* SHELDENS *et al.*

When the vendors of marble ordered from a distance, deliver it to the common carrier in pursuance of the order, or in the silence of the order on that point, in pursuance of the course of trade in the article, their part of the contract is performed, and their right of action for the price of the marble is complete, and will not be defeated by their subsequent unauthorized settlement of a policy of insurance in favor of the vendee.

Complaint, in Muscogee Superior Court. Tried before Judge WORRILL, at May Term, 1859.

Sheldens, Morgan and Slason shipped a lot of marble from New York to McCauley, at Columbus, and got one L. J. N. Stark, a commission merchant in New York, to have the same insured to the extent of $1,200 00. When the marble reached Columbus, it was found to be considerably damaged, and McCauley refused to receive it, insisting that it was so much damaged as to require the insurance company to pay for it as a total loss. Stark was notified of the damage, and after some negotiation between him and the insurance company, he compromised the matter with them at $600 00, and paid the amount over to the plaintiffs—less $25 00 expenses of settling the claim.

Plaintiffs afterwards commenced suit against McCauley for the value of said marble, who set up in defense thereto, that said Stark compromised the claim on the insurance company at the instance of plaintiff, and without his authority; that said Stark ought to have compelled the insurance company to pay the whole amount of the risk, and not having done so, defendant is released from his liability to the plaintiff.

The jury, after hearing the evidence and charge of the Court, found for the defendant. Whereupon, plaintiff moved for a new trial, on the following grounds, to-wit:

1st. Because the Court erred in ruling out the answers to the cross-interrogatories of L. J. N. Stark, so far as the said answers referred to the said Stark having compromised the claim against the insurance company upon the authority of defendant.

2d. Because the Court refused to charge the jury as requested by plaintiff's attorneys, that if Stark compromised with the Insurance Company without authority from McCauley, then McCauley could go upon the Insurance Company for his claim, and, therefore, it would be no defense in this action; and upon the other hand, if McCauley did authorize Stark to compromise the claim, he had not been injured.

3d. Because the Court in charging the jury, that if the plaintiff instructed Stark to insure the marble, then McCauley had an equitable interest in the policy of insurance; and if plaintiffs, through their agent, Stark, compromised with said Insurance Company without the authority, then that was a good defense to this case.

4th, 5th and 6th. Because the verdict was contrary to evidence, the weight of evidence and the law.

The Court granted a new trial on the ground that his charge, above stated, was erroneous, as well as his refusal to charge at the request of plaintiff's attorney; and that the verdict was contrary to evidence—there being no evidence in favor of the verdict, except the evidence upon which the charge above stated was founded. To which ruling the defendant excepted.

Moses, for plaintiff in error.

Peabody, *contra.*

*By the Court.*—Stephens, J., delivering the opinion.

We think the new trial was properly granted. When the marble-men delivered the marble to the common-carrier in pursuance of what was or must have been contemplated by the parties, their part of the contract was performed, and their right of action for the price of the marble was complete. The complaint which McCauley has against them on account of their alleged subsequent unauthorized interference with his policy of insurance, if it be actionable at all, would be the subject of an action on the case sounding in damages, not pleadable as a set-off, nor available in any other as a defense to their action against him for the price

of the marble.   He is not without his remedy for any improper settlement of his policy of insurance.   If Stark was not his agent, it is not settled, and he may still hold the insurers responsible on it.   If Stark was his agent and acted improperly, his remedy is against his agent; and if Stark was his agent and acted properly, he has no remedy only because he has received no injury.

Judgment affirmed.